LOVE, J.,.
concurs with reasons.
hi respectfully' concur in the majority’s decision to affirm the trial court’s judgment. “As an appellate court, we must exercise great restraint before overturnirig a jury verdict based on erroneous instructions.” Brown v. Diamond Shamrock, Inc,, 95-1172, p. 14 (La.App. 3 Cir. 3/20/96), 671 So.2d 1049, 1058; Wooley v. Lucksinger, 09-571, p. 81 (La.4/1/11), 61 So.3d 507, 574. Additionally, “[t]he manifest error standard of appellate review may not be ignored unless the proposed jury interrogatories are so inadequate or incorrect as to preclude the jury from reaching a verdict based on the law and the facts.” Brown, 95-1172, p. 12-13, 671 So.2d at 1057 (quoting Doyle v. Picadilly Cafeterias, 576 So;2d 1143, 1153 (La.App. 3 Cir.1991). I agree with the majority in that there is no error in the trial court’s decision to submit the legal cause question to the jury. As explained below, I also *382 agree with the majority that the jury instructions adequately described the law on legal cause. Therefore, I agree with the majority that the trial court did not commit any legal errors which would require de novo review by this Court or a remand for a new jury trial.
|2I write separately to further expound upon the legal cause issue. , Southern University alleges the jury instructions and jury verdict form fail to address legal cause and, in particular, do not reference “legal cause,” “proximate cause,” or “ease of association.” However, as the majority notes, when Southern University submitted its special jury instructions on legal cause it did not contain any of these references. Only now on appeal, Southern University alleges specific reference to these terms are essential to a jury’s understanding of legal cause. The trial court recognized the same, pointing out that Southern University’s own instruction on legal cause (and footnote) demonstrated Southern University’s acknowledgment that the tenets of legal cause do not require express reference to the aforementioned terms to correctly instruct the jury on the applicable law.
Jurisprudence requires this Court to consider “the degree of error with the adequacy of the jury instructions as a whole and the circumstances of the case.” Wooley, 09-0571, p. 82, 61 So.3d at 574. I agree that the trial court instruction practically mirrors the instruction this Court found adequate in Chaisson v. Avondale Indus., Inc., 05-1511 (La.App. 4 Cir. 12/20/06), 947 So.2d 171. In the case sub judice, the trial court’s duty/risk instruction is an adaptation of 18 La. Civ. Treatise Section 3:16. Additionally, while Southern may argue that Section 3:16 defines the limits of the scope of duty/liability, it “does so almost exclusively on the basis of ‘foreseeability’ or ‘ease of association’ _” See 3:16 Comments. Therefore, I find, as in Chaisson, that the trial court’s duty/risk instruction incorporated the question of legal cause.
I also find no merit to Southern University’s claim that the trial court erred by confining the first issue of cause-in-fact as opposed to cause in this case. Southern University focuses its attention on the trial court’s concluding remarks wherein the trial court summarized its instructions on the applicable law, which spans over twenty pages of the record. Nevertheless, elsewhere in its instructions, |sthe trial court indicates that the first issue to determine is whether “the injury which [the plaintiff] says she suffered was caused in whole or in part by the conduct of the defendant.” (emphasis added). In that instance, the trial court did not confine the issue of causation exclusively to “cause-in-fact.” Moreover, as the majority notes, the trial court instructed the jury at the outset, that “when you think about my instructions, consider them, together. Don’t single out any individual sentence, or idea and ignore the others.” (emphasis added).
Southern University suggests the trial court’s summation of the law is fatal to the jury’s understanding of legal cause. However, jurisprudence requires that we view the instructions as a whole, in the same way the jury must. In this case, the instructions on the duty/risk inquiry adequately covered the law on legal cause because the instruction posed to the jury on the duty/risk analysis is based on ease of association and foreseeability. Therefore, I agree with the majority that the trial court correctly provided the law on legal cause. Further, I find the trial court’s reference to “cause-in-fact” as opposed to “cause” in its summary of the law was not fatal to the adequacy of the jury *383 instructions as to preclude the jury from reaching a verdict based on law and facts.
For the same reasons, the jury verdict ■form’s reference to “cause-in-fact” as opposed to “cause” does not interdict the jury’s verdict in this case. Cf., Hymel ex rel. Hymel v. Thomas, 99-826, p. 12-15, 758 So.2d 201, 207-09 (jury verdict form could include questions on whether the parties’ negligence was a legal cause of motor vehicle accident, even though legal cause was not defined in instructions given to the jury); See also Johnson v. First Nat’l Bank Shreveport, 00-870, p. 26 (La. App. 3 Cir. 6/20/01), 792 So.2d 33, 53 (quoting Smith v. Lincoln Gen. Hosp., 27,133, p. 6 (La.App. 2 Cir. 6/21/95); 658 So.2d 256, 262 (“[wjhile it may be the better practice to submit a separate interrogatory on each theory supporting a cause of action, the matter is within the trial court’s broad discretion”).
|/The jury’s verdict in this case was based on the totality of the evidence and proper instructions provided by the trial court. Consequently, I find no manifest error in the jury’s verdict finding Ms. Chatman free from fault and allocating fault against Southern at 15%; Ms. Sanders at 70%; and Jamisha at 15%. Similarly, I find no manifest error in the jury’s award of damages in the amount of $1,055,000 and the judgment rendered in accord with the jury’s verdict that also assessed Southern with costs. Given the circumstances of this case, I concur in the majority’s decision to affirm the trial court’s judgment.